**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ROMULO DANZOT SANCHEZ** | **CIVIL NO**. 25-CV-01083-PAD |
| Plaintiff | |
| Vs. | American with Disabilities Act (ADA) (42 U.S.C. 12101 et, Seq.); COBRA (29 U.S.C. 1161 et seq.); P.R. Law No. 44; P.R. Law No. 80 |
| **LUMA ENERGY SERVCO, LLC; LUMA ENERGY LLC; INSURANCE COMPANIES "A", "B" and "C"** | |
| Defendants | **JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW** defendants, **LUMA ENERGY SERVCO, LLC** and **LUMA ENERGY, LLC ("Defendants")**, without submitting to the Court's jurisdiction and/or waiving any affirmative defenses, and through the undersigned attorneys very respectfully **SUBMIT** the Answer to Complaint as follows:

### I.    PARTIES

1.    The assertions contained in this paragraph are admitted.

2.    The assertions contained in this paragraph are admitted.

3.    The assertions contained in this paragraph are denied. Defendants affirmatively alleges that LUMA Energy Servco, LLC was, at all times relevant to the facts herein after LUMA undertook responsibilities from PREPA, the Plaintiffs' sole employer

4.     The allegations contained in this paragraph are not addressed to the appearing codefendants, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein.

## II.     JURISDICTION AND VENUE

5.     The assertions contained in paragraph 5 are a statement of law upon which Plaintiff has stated his causes of action, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein

6.     Paragraph 6 is accepted.

7.     Paragraph 7 is a statement of law upon which Plaintiff has stated his claim of jurisdiction, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein. Defendants reserve the right to challenge the Court's supplemental jurisdiction.

8.     Paragraph 8 is a statement of law upon which Plaintiff has stated his claim of venue, and as such, it does not require a responsive pleading. However, it is denied inasmuch as a response is warranted and a matter of law disputed insofar as applicable to the factual allegations contained therein.

### III.    FACTUAL STATEMENTS

9.      The assertions contained in this paragraph are denied. Defendant affirmatively alleges that LUMA Energy Servco, LLC was, at all times relevant to the facts herein after LUMA undertook responsibilities from PREPA, the Plaintiffs' sole employer.

10.      The assertions contained in this paragraph are denied as stated. It is affirmatively alleged that LUMA Energy LLC is not an employer or covered entity within the meaning of the cited statutes. Defendants also affirmatively allege that LUMA Energy Servco, LLC was, at all times relevant to the facts herein, after LUMA undertook responsibilities from PREPA.

11.      The assertions contained in this paragraph are admitted.

12.      The allegations of this paragraph are denied for lack of knowledge and/or current information.

13.      The assertions contained in this paragraph are denied. Defendants affirmatively allege that Plaintiff was retained by LUMA and began working for Luma Energy Servco, LLC on June 1, 2021. Defendants also affirmatively allege that LUMA Energy Servco, LLC was, at all times relevant to the facts herein, after LUMA undertook responsibilities from PREPA. Defendants also affirmatively allege that Plaintiff continued performing the same tasks and duties he previously performed for PREPA.

14.      The assertions contained in this paragraph are denied. It is affirmatively stated that the Plaintiff was not dismissed from his job, rather, he voluntarily and freely abandoned his employment, thereby terminating the relationship between the parties on

October 27, 2023. Plaintiff failed to report to work for more than three consecutive days, which constitutes a violation of the company's rules and policies contained in the Employee Manual, specifically regarding the abandonment of one's post. It is important to highlight that the Employee Manual explicitly states that an absence of three (3) consecutive days without notifying a supervisor is considered a voluntary resignation. Defendants affirmatively allege that Plaintiff occupied the position of Supervisor, Ops and Interruptions of Service, and Rotating lines for the Caguas Region.

15.     The assertions contained in this paragraph are denied.

16.     The assertions contained in this paragraph are denied as stated. Defendants clarify that Plaintiff filed his discrimination charge with the EEOC on November 17, 2023. The rest of the allegations are denied.

17.     The assertions contained in this paragraph are denied as stated. It is affirmatively alleged that the plaintiff has been on leave since approximately March 2023, with the most recent medical certificate covering his absence from the period of July 7, 2023, to October 20, 2023.

18.     The assertions contained in this paragraph are denied. It is affirmatively alleged that the company was aware of the Plaintiff's condition and leave and had received a medical certificate covering the period from July 7, 2023, to October 20, 2023. The Defendants further assert that, prior to the expiration of the medical certificate and on its expiration date, the Plaintiff had not submitted any relevant documentation. The Plaintiff had also failed to communicate to his direct supervisor any updates regarding

his medical condition or leave prior to the date that constituted his voluntary resignation. Thus, from the period of October 21 to October 26, the Defendants had not been put in a position to understand Plaintiff unexcused absence.

19.     The assertions contained in this paragraph are denied as stated. It is affirmatively alleged that Danzot's medical certificate covered his absence until October 20, 2023, thus he was scheduled to return to work on October 21, 2023, which he failed to do.

20.     The assertions contained in this paragraph are denied. It is affirmatively alleged that the Defendant 's alleged new medical certificate and reevaluation were either issued and not disclosed to the Company in a timely manner or were not made in accordance with Company policies. By the time Plaintiff provided notice and evidence of the new medical certificate, he had already voluntarily resigned from his employment position under Company policies, having failed to report to work or communicate with his supervisor for three consecutive days. It is affirmatively alleged that on October 21, 2023, and for three days thereafter, the company had not yet received or been provided with any additional medical documentation to justify the Plaintiff's absence.

21.     The assertions contained in this paragraph are denied. It is affirmatively alleged that on October 21, 2023, and for three days thereafter, the company had not yet received or been provided with any additional medical documentation to justify the Plaintiff's absence.

22.     The assertions contained in this paragraph are denied as stated. Defendants affirmatively allege that Plaintiff was terminated by letter dated October 27, 2023, after he had voluntarily resigned from his job due to an unauthorized absence of three consecutive days.

23.     The assertions contained in this paragraph are denied. It is affirmatively alleged that on October 21, and for three days thereafter, the company had not yet received or been provided any additional medical documentation to justify the Plaintiff's absence.

24.     The assertions contained in this paragraph are denied. It is affirmatively stated that the Plaintiff was not dismissed from his job. Rather, he voluntarily and freely resigned, thereby terminating the relationship between the parties. Plaintiff failed to report to work for more than three consecutive days, which constitutes a violation of the company's Employee Manual, specifically regarding abandonment of employment. It is important to highlight that the Employee Manual explicitly states that an absence of three (3) consecutive days without notifying a supervisor is considered a voluntary resignation. The act of informing plaintiff per company policy that he had voluntarily resigned due to his unexcused absence for three consecutive days had nothing to do with his disability or condition, nor was it pretextual.

25.     The assertions contained in this paragraph are admitted.

26.     The assertions contained in this paragraph are denied.

Romulo Danzot Sanchez v. Luma Energy Sercvo, LLC
Civil No. 3:25-cv-01803 PAD
Answer to Complaint

## IV.    CAUSES OF ACTION
### FIRST CAUSE OF ACTION (DISABILITY DISCRIMINATION – TERMINATION ADA)

27.    The assertions contained in paragraph 27, are answered re-alleging and restating all answers to the allegations contained in the preceding paragraphs.

28.    The assertions contained in this paragraph are denied. It is affirmatively alleged that Plaintiff was not terminated from his employment.  Additionally, plaintiff was not discriminated against during his employment.

29.    The assertions contained in this paragraph are denied. It is affirmatively stated that the Plaintiff was not dismissed from his job. Rather, he voluntarily and freely abandoned his employment, thereby terminating the relationship between the parties. The plaintiff failed to report to work for more than three consecutive days, which constitutes a violation of the company's Employee Manual, specifically regarding an employee's voluntary resignation. It is important to highlight that the Employee Manual explicitly states that an absence of three (3) consecutive days without notifying a supervisor is considered a voluntary resignation.

30.    The assertions contained in this paragraph are denied. The remedies requested in the Complaint take into consideration legally inappropriate claims are based on incorrect premises, and/or do not align with the applicable legislation and jurisprudence.

## SECOND CAUSE OF ACTION
## DISCRIMINATION – PUERTO RICO LAW 44

31.    The assertions contained in paragraph 31, are answered re-alleging and restating all answers to the allegations contained in the preceding paragraphs.

32.    The assertions contained in this paragraph are denied.

33.    The assertions contained in this paragraph are denied. It is affirmatively stated that the Plaintiff was not dismissed from his job. Rather, he voluntarily and freely resigned, thereby terminating the relationship between the parties. The plaintiff failed to report on work for more than three consecutive days, which constitutes a violation of the company's Employee Manual, specifically regarding abandonment of employment. It is important to highlight that the Employee Manual explicitly states that an absence of three (3) consecutive days without notifying a supervisor is considered a voluntary resignation. The act of informing plaintiff per company policy that he had voluntarily resigned due to his unexcused absence for three consecutive days had nothing to do with his disability or condition.

34.    The assertions contained in this paragraph are denied. The remedies requested in the Complaint take into consideration legally inappropriate claims, are based on incorrect premises, and/or do not align with the applicable legislation and jurisprudence.

Romulo Danzot Sanchez v. Luma Energy Sercvo, LLC
Civil No. 3:25-cv-01803 PAD
Answer to Complaint

---

## THIRD CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. §1161

35.    The assertions contained in paragraph 35, are answered re-alleging and restating all answers to the allegations contained in the preceding paragraphs.

36.    The assertions contained in this paragraph are denied.

37.    The assertions contained in this paragraph are conclusions of law that do not require a response. Insofar as a response is required, Defendants deny them. The Defendants affirmatively allege that the termination letter sent to the plaintiff on October 27, 2023, informed him that he would receive documentation by mail detailing his rights under COBRA and providing him with the option to decide whether to continue his coverage under the medical plan.  Plaintiff was given notice of the Plan and properly notified of his COBRA rights. Defendants timely provided Plaintiff with his COBRA notice.

38.    The assertions contained in this paragraph are denied.

39.    The assertions contained in this paragraph are denied. The Defendants affirmatively allege that the termination letter sent to the plaintiff on October 27, 2023, informed him that he would receive documentation by mail detailing his rights under COBRA and providing him with the option to decide whether to continue his coverage under the company health plan. Additionally, the Plaintiff was given notice of the Plan

and properly notified of his COBRA rights. Defendants timely provided Plaintiff his COBRA notice.

40.    The assertions contained in this paragraph are conclusions of law that do not require a response. Insofar as a response is required, Defendants deny them.

The assertions contained in Paragraph 47 are conclusions of law that do not require a response. Insofar as a response is required, Defendants deny them. The remedies requested in the Complaint take into consideration legally inappropriate claims are based on incorrect premises, and/or do not align with the applicable legislation and jurisprudence. Compensatory damages are not provided for under COBRA.

**FOURTH CAUSE OF ACTION**
**CLAIM IN THE ALTERNATIVE ALLOWANCE ("MESADA")**
**UNDER LAW NO. 80 OF MAY 30, 1976, AS AMENDED**

41.    The assertions contained in paragraph 42, are answered re-alleging and restating all answers to the allegations contained in the preceding paragraphs.

42.    The assertions contained in this paragraph are admitted.

43.    The assertions contained in this paragraph are denied. Plaintiff's termination due to voluntarily resignation was proscribed by the Employee Manual and company policies. Thus, Plaintiff's termination constitutes just cause under the cited Law No. 80-1976 and its interpretive case law.

44.    The assertions contained in this paragraph are denied. It is assertively stated that Plaintiff's employment relationship with Luma Energy began on June 1, 2021.

45.    The assertions contained in this paragraph are denied.

46.     The assertions contained in Paragraph 47 are statements of law that do not require a response. Insofar as a response is required, Defendants deny them.

47.     The assertions contained in this paragraph are denied for lack of knowledge and/or updated information. The Defendants affirmatively alleges that Plaintiff worked for the company from June 1, 2021, until October 27, 2023.

48.     The assertions contained in Paragraph 49 are conclusions of law that do not require a response. Insofar as a response is required, Defendants deny them.

49.     The assertions contained in this paragraph are denied.

50.     The assertions contained in Paragraph 51 are conclusions of law that do not require a response. Insofar as a response is required, Defendants deny them. Defendants affirmatively allege that Plaintiff has no right to the remedies requested.

51.     The assertions contained in Paragraph 51 are conclusions of law that do not require a response. Insofar as a response is required, Defendants deny them.

52.     The assertions contained in this paragraph are denied. The Plaintiff is not entitled to recover the attorney's fees requested, as they have not provided a basis or justification for them. In addition, the attorney's fees requested are excessive and contrary to law.

## JURY TRIAL

53.     The demand for jury trial requested does not require a responsive pleading; however, in the event a response is required, it is denied.

## PRAYER FOR RELIEF

The prayer for relief that Plaintiff has requested does not require a responsive pleading; however, in the event a response is required, they are all denied.

## AFFIRMATIVE DEFENSES

1. Defendants reallege and incorporate herein the allegations set forth above.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action or to the extent that they are barred by the applicable statute of limitations.

4. This Honorable Court should not exercise supplemental jurisdiction over Plaintiff's claims under Puerto Rico law since among other reasons they operate under a different burden of proof to Plaintiff's federal question claims which would result in an incurable jury confusion and unfair prejudice to Defendants.

5. Defendant's actions were legally justified and based upon sound business reasons that were neither discriminatory, arbitrary, capricious, nor unlawful.

6. There was no discriminatory intent on the actions taken by the Defendants.

7. All actions taken against plaintiff were justified and in no way related to his alleged disability or condition.

8. Plaintiff has failed to plead enough facts to raise a right to relief above the speculative level as to some or all of his causes of action.

9. The claims must be dismissed because Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

10. The plaintiff lacks evidence of discrimination.

11. The plaintiff is not entitled to any remedy under the laws invoked due to the lack of evidence of discrimination.

12. The plaintiff has no evidence that his alleged disability or condition was the reason for the alleged adverse employment actions he allegedly suffered.

13. The remedies requested by Plaintiff are duplicative.

14. Any special damages not specifically alleged in the Complaint are waived.

15. The causes of action in the complaint which require exhaustion of remedies were not properly brought before the applicable administrative forum.

16. Plaintiff's Complaint is frivolous, vindictive and speculative.

17. The presumption of discrimination, as applied, is unconstitutional.

18. At all times relevant to the instant action, Defendants has acted in good faith and in accordance with all applicable laws, regulations, policies or standards, and were neither arbitrary nor capricious, nor did they abuse whatever discretion they may have had.

19. All actions taken by Defendants, at any time relevant to the Complaint, were strictly related to business necessity and/or legitimate business reasons.

20. The Court lacks subject-matter jurisdiction over some or all Plaintiffs' claims.

21. The decisions Plaintiffs challenge was based on reasonable business factors other than disability.

22. Plaintiff fails to state a prima facie case under any of the claims or causes of action they have asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendants concerning Plaintiff were wholly based on legitimate and non- discriminatory reasons.

23. Defendant's actions with respect to Plaintiff were strictly based on non-discriminatory, non- retaliatory, pursuant to a valid legal scheme, legitimate business necessity and/or legitimate business reasons.

24. All actions taken against Plaintiff were justified.

25. Defendants have not incurred in outrageous, willful, intentional or wanton behavior.

26. Defendants have not acted with deliberate indifference, maliciously or with reckless disregard, or with reckless or callous indifference to Plaintiff's statutory, constitutional and/or legal rights.

27. Defendants did not act with malice or reckless disregard of Plaintiff's federally protected rights.

28. The Plaintiff's Complaint was filed in bad faith for vexatious and oppressive reasons with the sole purpose of harassing and burdening Defendants. Thus, Plaintiff should be assessed with all the costs, expenses and attorney's fees incurred by Defendants.

29. The causes of action in the complaint are time barred by the applicable statute of limitations completely or partially.

30. The causes of action in the complaint were not properly told.

31. Plaintiffs have failed to plead with enough facts to raise a right to relief above the speculative level as to some or all their causes of action.

32. All actions taken by Defendant with regards to Plaintiff were based on legitimate and reasonable business factors, and all actions taken by Defendants were those a reasonable prudent person would take and were without fault or negligence.

33. There is no causal relationship between any act or omission which may be attributed to Defendants and the damages alleged in the Complaint.

34. Plaintiff's claims are barred in whole or in part by virtue of issue preclusion, claim preclusion, fact preclusion, collateral estoppel, and/or other doctrines of res judicata.

35. Plaintiff failed to state a claim for negligent or intentional infliction of emotional damages.

36. Plaintiff failed to establish a prima facie case under the Americans with Disabilities Act of 1990.

37. At all relevant times, Defendants had a suitable anti-discrimination policy in effect. The Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory act by, among others means, creating and enforcing a policy against discrimination within its facilities and timely distributing it.

38. There are no compensatory damage under the ADA.

39. Plaintiff was not discriminated against while employed with Defendants.

40. There is no individual liability under ADA.

41. There is no causal link between the acts of the Defendants and the damages alleged in the complaint.

42. The Plaintiff failed to state enough facts to configure a cause of action against Defendants under federal or state law.

43. Plaintiff has not established any official policy or custom on the part of the Defendants to hold them liable.

44. Defendants always acted according to law and in good faith and in accordance with all applicable laws, regulations and standards, and said actions were neither arbitrary nor capricious, nor did they abuse whatever discretion Defendants may have had.

45. Plaintiff is not entitled to any remedy under the laws invoked.

46. The remedies requested by Plaintiff are duplicative.

47. The plaintiff has suffered no liquidated damages.

48. The requirements for granting any possible equitable relief are not met in the instant case.

49. Any special damages not specifically alleged in the Complaint are waived.

50. The plaintiff is not entitled to the payment of attorney's fees, costs, expenses or interests, as requested.

51. Defendant's actions were not the sole or proximate cause of Plaintiff's alleged damages. The plaintiff's own acts and omissions are the sole and proximate cause for the damages alleged in the Complaint. In the alternative, Plaintiff's alleged damage was caused by the fault or negligence of a third-party for which the Defendants does not bear responsibility.

52. The plaintiff engaged in contributory negligence.

53. The plaintiff has not suffered any tangible damage for the reasons alleged in the Complaint.

54. The damages alleged in the Complaint do not exist, are speculative or excessive.

55. The plaintiff failed to mitigate damages, if any.

56. The plaintiff did not suffer damages.

57. In the alternative, Plaintiff is solely responsible for the alleged damages.

58. In the alternative, Plaintiff engaged in contributory negligence and his alleged damages, if any, should be reduced in direct proportion to her negligence.

59. Plaintiff failed to adequately plead special damages, as required by Fed. R. Civ. P. 9(g).

60. Plaintiff failed to establish that Defendants are joint and severally liable for any damages.

61. Plaintiff failed to establish any violation on the part of the Defendants of any of their rights under the Constitution or Laws of the Commonwealth of Puerto Rico.

62. The Court shall not exercise its power to retain supplemental jurisdiction over state cause of action inasmuch as the conditions set forth in 28 USC § 1367 are not met.

63. Under the ADA, Plaintiff is not entitled to compensation for emotional damages or pain and suffering.

64. Plaintiff is not entitled to front pay.

65. Plaintiff is not entitled to punitive damages, back pay, front pay, severance, reinstatement, loss of income, loss of credit equitable reliefs or any other remedy requested.

66. LUMA does not waive any other affirmative defense that may arise during discovery proceedings.

67. LUMA reserves the right to amend the pleadings, to bring other parties and to raise any other affirmative defenses that may arise because of discovery herein or upon good cause shown.

68. At all times relevant to the instant action, Defendants have acted in good faith and in accordance with all applicable laws, regulations, policies or standards, and were neither arbitrary nor capricious, nor did they abuse whatever discretion they may have had.

69. All actions taken by Defendants, at any time relevant to the Complaint, were strictly related to business necessity and/or legitimate business reasons.  It was within the company's prerogative to take actions considered necessary.

70. There was no discriminatory intent on the actions taken by the Defendants.

71. All actions taken against Plaintiff were justified, neutral, nondiscriminatory and in no way related to his alleged disability or condition.

72. All actions taken by Defendants regarding Plaintiff were based on legitimate and reasonable business factors, and all actions taken by Defendants were those a reasonable prudent person would take and were without fault or negligence.

73. The plaintiff did not suffer an adverse employment action.

74. The plaintiff unreasonably failed to take advantage of any preventive or corrective measures provided by the Company or to avoid harm otherwise.

75. The plaintiff is not entitled to any remedy under the laws invoked due to the lack of evidence of discrimination.

76. Defendants oppose jury trial. The plaintiff does not have a right to trial by jury for all or part of his claims or requests for relief.

77. Plaintiff failed to establish a prima facie case under ADA, Law. No. 44-1985, Law No. 80-1976 and COBRA.

78. The ERISA/COBRA claim is preempted by the complete and/or conflict preemption doctrines.

79. The plaintiff was given notice of the Plan and properly notified of his COBRA rights.

80. Defendants timely provided Plaintiff his COBRA notice.

81. LUMA notified Plaintiff in writing of his election rights under COBRA.

82. Following the notice given to Plaintiff of his COBRA rights, he failed to notify LUMA that we wished to be provided with coverage under the Act.

83. Although the severance payment is inapplicable in this case, it is the exclusive remedy for dismissal claims.

**WHEREFORE,** LUMA very respectfully requests and pray to the Court that the complaint be dismissed, judgment be entered in Defendant's favor; that plaintiff be charged with costs and attorney's fees; and grant any other relief which may be deemed proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of April 2025.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all attorneys of records.

> **BAERGA & QUINTANA LAW OFFICES, LLC**
> 252 Ave. Ponce de León
> City Tower Building, Suite 701
> San Juan, Puerto Rico 00918-2025
> Tel: (787) 753-7455
> Fax: (787) 756-5796
>
> **S// Reynaldo A. Quintana Latorre**
> **Reynaldo A. Quintana Latorre**
> U.S.D.C.-P.R. Bar No. 211104
> rquintana@bqlawoffices.com
>
> **S//Carolina Santa Cruz Sadurní**
> **Carolina Santa Cruz Sadurní**

U.S.D.C.- P.R. Bar No. 224403
csantacruz@bqlawoffices.com


**S//Ashley D. Martínez Rivera**
**Ashley D. Martínez Rivera**
U.S.D.C.- P.R. Bar No. 309703
amartinez@bqlawoffices.com