IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROMULO DANZOT SANCHEZ<br><br>Plaintiff<br><br>Vs<br><br>LUMA ENERGY SERVCO, LLC; LUMA ENERGY, LLC; CHUBB INSURANCE COMPANY OF PUERTO RICO, INSURANCE COMPANIES "B" and "C"<br><br>Defendants | CIVIL NO. 25-cv-01083 (PAD<br><br>Re: American with Disabilities Act (ADA) (42 U.S.C.12101 et. Seq.); COBRA (29 U. S.C. 1161 et seq.); P.R. Law No. 44; P.R. Law No. 80<br><br>JURY TRIAL DEMANDED |

FIRST AMENDED COMPLAINT

COMES NOW plaintiff Rómulo Danzot Sánchez through the undersigned attorneys and very respectfully states and prays:

I.

PARTIES

1. Rómulo Danzot Sánchez ("Plaintiff") is a citizen of the United States of America and resident of the Commonwealth of Puerto Rico.

2. LUMA Energy ServCo, LLC, upon information and belief, is a limited liability company incorporated under the laws of the Commonwealth of Puerto Rico. Its main office address is the following: 1110 Ave. Ponce de León, Pda. 16 1/2, Edif. NEOS - Ofic. 607, San Juan, PR, 00907. Its mailing address is the following: PO Box 364267, San Juan, PR, 00936-4267.

1

3.  LUMA Energy LLC, upon information and belief, is a limited liability company incorporated under the laws of the Commonwealth of Puerto Rico. Its main office address is the following: 1110 Avenida Ponce de León, Pda. 16 1/2, Edif. NEOS - Ofic. 607, San Juan, PR, 00907. Its mailing address is the following: P. O. Box 364267, San Juan, PR, 00936-4267.

4.  Chubb Insurance Company of Puerto Rico ("Chubb") is an insurance company authorized to conduct insurance business in Puerto Rico. Effective for the period 7/22/2024 to 6/22/2025 Chubb issued a claims made Employment Practices Liability policy (number DO3779) to defendants LUMA Energy, LLC and/or LUMA Energy ServCo, LLC providing insurance coverage on behalf of said defendants that cover, totally or partially, all of the plaintiff's claims alleged herein.

5.  The insurance policy issued by Chubb has limits of liability of $1,000,000.00 and affords coverage for, *inter alia*, "wrongful dismissal or discharge or termination of employment, whether actual or constructive; and violation of any federal, state or local laws (whether common law or statutory) concerning employment or discrimination in employment."

6.  Insurance Companies B & C are insurance companies whose identities are unknown to plaintiff at this time, which may have additional insurance coverage for the damages alleged herein. Their names will be substituted through an amendment to the complaint as soon as plaintiff learns their identities.

## II.

## JURISDICTION AND VENUE

7. This is a civil action involving disability discrimination pursuant to the American with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); the Consolidated Omnibus Budget Reconciliation Act, 29 U. S.C. §1161 et seq.("COBRA"); the Puerto Rico Law Against Discrimination of Disabled Persons, 1 P.R. Laws Ann. §§ 501 ("Law 44") and, in the alternative, under Puerto Rico Law No. 80, 29 L.P.R.A. § 185 et. seq., as amended.

8. Plaintiff initially filed his claim with the Equal Employment Opportunity Commission (EEOC) and was allowed to file this suit as per the Notice of right to sue issued on November 18, 2024, a copy of which is annexed hereto as Exhibit 1 to this Complaint.

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367. The state claims are so related to the federal claims in this action that they are part of the same case and controversy under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

10. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

III.

**FACTUAL STATEMENTS**

11. Defendants LUMA Energy ServCo, LLC ("ServCo"), and LUMA Energy, LLC ("Energy") together and/or independently, each have more than twenty-five (25) employees and are persons within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a).

12. Defendants ServCo and Energy are employers within the meaning of 42 U.S.C. § 12111(5) and are covered entities within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

13. Through a contract[1] dated June 22, 2020, the defendants acquired the rights from the Puerto Rico Electric Power Authority (PREPA) to continue to operate and maintain the electric power distribution grid in Puerto Rico with basically the same equipment, machinery and inventory, and/or providing the same services as previously provided by PREPA.

14. Plaintiff Danzot commenced work with defendants' predecessor PREPA in October of 2003.

15. After the defendants executed the contract with PREPA identified at paragraph 11, plaintiff Danzot continued to work uninterruptedly and/or was retained to work for ServCo and/or Energy[2] effective on March 22,

---

[1] Puerto Rico Transmission and Distribution System and Operation and Maintenance Agreement.
[2] There is uncertainty as to which of the defendants was the plaintiff's employer. According to plaintiff's employment contract dated March 22, 2021, Energy was plaintiff's employer and the only entity that appeared in said contract as the employer. Nonetheless, before the EEOC, the attorney representing both ServCo and Energy, in a document dated March 8, 2024 addressed to the EEOC's investigator, indicated that Energy "is not and has never been Claimant's [plaintiff's] employer" and that, instead, the plaintiff's employer was ServCo. Since this statement by said attorney contradicts

2021. Plaintiff continued to work for the defendants performing the same tasks and duties that he previously had with PREPA.

16. Plaintiff Danzot worked for the defendants until he was unjustly terminated from his employment effective October 27, 2023. At the time of his employment termination, the plaintiff occupied the position of Supervisor, OPS and Interruptions of **Service,** and Rotating Lines for the Caguas Region.

17. Throughout his employment of twenty (20) years, plaintiff Danzot always performed his job in a satisfactory manner and received **favorable** employment evaluations accordingly.

18. On November 16, 2023, Romulo Danzot filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that defendant Energy discriminated against him in violation of the ADA by terminating his employment while he was on medical leave and under medical treatment for a disability that caused him to be unable to work.

19. Plaintiff had been on medical leave and unable to work since early March of 2023 receiving medical treatment for a disabling condition that did not allow him to work.

20. At all times pertinent to the facts alleged herein, the defendants knew that plaintiff was on leave from work due to a disabling condition because he duly informed his employer of his condition and the defendants granted

---

the employment contract dated March 22, 2021, out of an abundance of caution, both of these defendants are included in the Complaint until this matter is satisfactorily clarified.

       plaintiff a family medical leave to that effect which was extended on at least one occasion. Additionally, plaintiff also provided the defendants medical certificates stating that he was unable to work.

21. The defendants knew of plaintiff's disabling condition and that he was on medical leave receiving treatment until October 20, 2023.[3] His absence from work was duly informed to the defendants through a medical certificate notified to his supervisor.

22. Plaintiff's physician evaluated him again on October 24, 2023 and certified and found that he was unable to continue working and recommended rest until February 16, 2024. The physician's certificate established that plaintiff should rest from work from October 21, 2023 to February 15, 2024, when he would re-evaluate again.

23. After being evaluated on October 24, 2023, plaintiff delivered by email to his immediate supervisor Victor Santiago a medical certificate issued by his physician on that date. Said medical certificate was delivered to Mr. Santiago prior to October 27, 2023 and he acknowledged its receipt.

24. By letter dated October 27, 2023, the defendants terminated plaintiff's employment falsely claiming that he had "voluntarily resigned from his job" because he had been absent from work for three (3) consecutive days without giving prior notice to his supervisor.

---

[3]October 20, 2023 was a Friday.

25. On October 27, 2023, the defendants knew that plaintiff had been on an authorized medical leave and receiving medical treatment because he was suffering from a disabling condition that alters a major life function which did not allow him to work. The defendants also knew that in the days prior to October 27, 2023, plaintiff had been in contact with his immediate supervisor and had delivered a medical certificate stating that he was unable to work due to a disability.

26. The defendants' claim that plaintiff "voluntarily resigned from his job" is pretextual and was solely made to mask the discriminatory conduct towards the plaintiff because of his medically disabling condition. This conduct is in violation of ADA.

27. The EEOC issued the Right to Sue Notice of plaintiff's claim dated November 18, 2024.

28. Mr. Danzot is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2. Mr. Danzot has a disability that substantially limits, at a minimum, his major life activities and functions of learning, thinking, concentrating, and communicating, all of which substantially limit his ability to work. In the alternative, when active, plaintiff's condition substantially limits his major life activities.

IV.

CAUSES OF ACTION
FIRST CAUSE OF ACTION
(Disability Discrimination – Termination ADA)

29. The allegations contained in paragraphs 1 through 28 of this Complaint are incorporated by reference as if fully set forth herein.

30. Defendants' reason for terminating Plaintiff's employment constitutes evidence of disability discrimination.

31. Defendants' termination of Plaintiff was based, in whole or in part, on his disability. Defendants' decision to terminate the Plaintiff was made with malice and with reckless indifference and disregard of Plaintiff's protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disabilities Act.

32. As a direct and proximate cause of Defendant's aforementioned and discriminatory conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at not less than one million dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
### Discrimination – Puerto Rico Law 44 (Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales Ley Núm. 44 de 2 de Julio de 1985, según enmendada (1 LPRA, Sec. 501 et seq.)

33. The allegations contained in paragraphs 1 through 32 of this Complaint are incorporated by reference as if fully set forth herein.

34. Defendants' reason for terminating Plaintiff constitutes evidence of disability discrimination.

35. Defendants' termination of Plaintiff was based, in whole or in part, on his disability. Defendants' decision to terminate Plaintiff was made with malice

and with reckless indifference to Plaintiff's protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 44.

36. As a direct and proximate cause of Defendants' aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at not less than one million dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
### Violation of 29 U.S.C. §1161 et Seq. (COBRA)

37. The allegations contained in paragraphs 1 through 26 of this Complaint are incorporated by reference as if fully set forth herein.

38. Plaintiff was terminated from his employment by defendants who effective October 31, 2023 caused the termination of Plaintiff's health and medical coverage under Serv Co's group health plan with Triple S, including the termination of four (4) additional family members of the plaintiff who also were covered under the plan.

39. Under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §1161 et seq. ("COBRA") Defendant ServCo had an obligation to notify Plaintiff within thirty (30) days of his termination of benefits and of his right to elect to continue medical coverage at the group rate. Defendant never notified Plaintiff of his COBRA election rights as required by said statute and, instead, notified him on **October 27, 2023** that his coverage and benefits under the plan would be "active" until **October 31, 2023**, on which date the plaintiff's coverage and

9

benefits under the defendants' health insurance plan were unlawfully terminated.

40. Due to defendant ServCo's callous and reckless disregard of plaintiff's COBRA election rights he was left without medical insurance coverage shortly after being unjustly terminated while defendants knew that he was receiving, and needed, medical treatment for a disabling condition.

41. As a consequence of defendants' failure to properly notify the plaintiff of his COBRA election rights after his employment was unjustly terminated, plaintiff had to acquire other insurance coverage with less benefits and coverage and which proportionally had higher premiums than plaintiff's insurance coverage under the health insurance group plan of the Defendants.

42. Consequently, plaintiff will show that Defendants have violated 29 U.S.C. §1161 &1166 by failing to provide Plaintiff with timely written notifications of his right to elect COBRA coverage within 30 days of Plaintiff's termination of employment (a qualifying event under COBRA, 29 U.S.C. §1163 (2)), including: a) failure to provide plaintiff a written explanation for electing COBRA insurance; b) failure to inform plaintiff the date by which the election must be made; c) failure to inform plaintiff how to contact the plan administrator of the election; d) failure to inform plaintiff the date the COBRA coverage will begin and the maximum period of continuation coverage; e) failure to inform plaintiff of the monthly COBRA premium amount; f) failure to inform plaintiff the due date for the monthly payments; g) failure to inform plaintiff any amount due

for premiums incurred during a retroactive period of coverage; h) failure to inform plaintiff the address to which to send premium payments; and, i) failure to inform plaintiff a qualified beneficiary's rights and obligations with respect to extensions of COBRA coverage.

43. Plaintiff has been damaged by defendants' statutory violations and is accordingly entitled to recover from the defendants $100 per day pursuant to 29 U.S.C. § 1132(c) (1) for the Defendants' failure to provide to plaintiff the COBRA election notice. Further, Plaintiff is entitled to an award of reasonable legal fees under 29 U.S.C. § 1132(c) (1).

### FOURTH CAUSE OF ACTION
### CLAIM IN THE ALTERNATIVE; ALLOWANCE ("MESADA") UNDER LAW NO. 80 OF MAY 30, 1976, AS AMENDED

44. The averments contained in paragraphs 1 through 43 of this Complaint are incorporated by reference as if fully set forth herein.

45. Plaintiff was an employee who worked for the Defendants under an indefinite-term contract.

46. Plaintiff's dismissal from his employment was without just cause, as such term is defined in Act No. 80 of May 30, 1976, as amended, for which reason he is entitled to be compensated through the payment of the allowance ("mesada") established by law.

47. Plaintiff was hired prior to the effectiveness of the Labor Transformation and Flexibility Act of 2017, Act No. 4 of 2017. Pursuant to Art. 4.3 of Act No. 4 of 2017, the compensation to which plaintiff is entitled for having been

terminated without just cause, "shall be calculated using the state of law prior to the entry into force of the Labor Transformation and Flexibility Act."

48. The Defendants, individually or jointly, are the successor employers ("patrono sucesor") of plaintiff Danzot's original employer, PREPA.

49. Section 6 of Act 80, as amended, (29 L.P.R.A. § 185f) reads as follows:

"In the case of the transfer of an ongoing business, **if the new acquirer continues to use the services of the employees who were working with the previous owner, the latter shall be credited with the time they have been working in the business under previous owners.** In case the new purchaser chooses not to continue using the services of all or some of the employees and does not become their employer, the former employer shall be liable for the indemnification provided by this law and the purchaser shall retain the corresponding amount of the sale price agreed upon with respect to the business. In case they are dismissed without just cause after the transfer, the new owner shall be liable for any benefits that the employee who is dismissed may have under this law, and a lien shall also be established on the business sold to cover the amount of the claim." (Emphasis added)

50. Plaintiff began working indefinitely for PREPA on October of 2003 and was employed and worked uninterruptedly for PREPA and the Defendants when he was retained by the Defendants on March 22, 2021 until October 27, 2023, when the Defendants terminated him without just cause.

51. Pursuant to Article 6 of Law 80, the time that the plaintiff worked for the Defendants must be credited with the time that the plaintiff worked for PREPA, the Defendants' predecessor, which translates to twenty (20) years of employment.

52. Pursuant to the aforementioned Article 6, the Defendants were obligated to credit the plaintiff for the time he had been working in the business under "previous owners", namely, PREPA.

53. Pursuant to the provisions of Sections 1 (a) and (b) of Act No. 128 of October 7, 2005, the compensation to which the plaintiff is entitled is equal to the equivalent of 6 months of the highest salary earned during the last three years of employment, plus an additional compensation equal to the equivalent of three (3) weeks of salary for each year during which the plaintiff worked for the Defendants.

54. The highest annual salary earned by the plaintiff during the 3 years preceding his unjust termination was $88,305 (during the year 2022) for which, in accordance with the provisions of Article 1 of Law 80 of May 30, 1976, as amended (29 LPRA 1859 et seq.), the plaintiff is entitled to an allowance ("mesada") in the amount of $146,042.70. In addition, he is entitled to interest in arrears at the legal rate from the date of dismissal, and in the alternative from the date of the filing of this judicial claim, on the amount of said allowance.

55. Plaintiff is also entitled to the imposition of attorney's fees to be paid by the Defendants in an amount not less than 25% of the allowance ("mesada") alleged in the preceding paragraph.

## JURY TRIAL

56. Plaintiff hereby requests a jury trial for all triable causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendants the payment of a) compensation as requested in each of the causes of action alleged herein; b) statutory, liquidated, punitive damages under ADA, COBRA and Law 44; c) all lost wages including all fringe benefits Plaintiff would have earned up to the date of trial; d) double compensatory damages pursuant to Law 44; e) front pay; f) reinstatement; g) in the alternative, that plaintiff be compensated with the allowance ("mesada") for unjust termination under Law 80; h) all with interest, attorney's fees and the costs of litigation, as well as any other remedy this Honorable Court deems just and proper.

In San Juan, Puerto Rico, this 15th day of May 2025.

We hereby certify that on the above stated date this amended complaint motion was tendered as an Exhibit to a Motion for leave to amend the Complaint, filed through the Court's CM/ECF system which shall electronically notify all parties through their respective attorneys of record.

*S/ Carlos J. Morales Bauzá*
CARLOS J. MORALES BAUZÁ
USDC-PR 202809
P. O. Box 365072
San Juan, P. R. 00936-5072
Tel. (787)616-5164
carlosjmoralesbauza@gmail.com

*S/Frank D. Inserni Milam*
FRANK D. INSERNI MILAM
USDC-PR 127807
PO Box 193748, San Juan, PR 00919
TEL. (787) 763-3851/759-7572
finserni@gmail.com